IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STACEY SEAMSTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-979-D |
| | ) |
| **ROBERT PATTON,** | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging violation of his constitutional rights. United States District Judge Timothy J. DeGiusti referred this matter to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). For the following reasons, it is recommended that this action be summarily **DISMISSED.**

**I. BACKGROUND**

Plaintiff is an inmate confined in the Davis Correctional Facility located in Holdenville, Oklahoma. (ECF No. 1:1). In this action, he named Robert Patton, the Director of the Oklahoma Department of Corrections, as the sole Defendant in this matter. (ECF No. 1:1). In his Complaint, Plaintiff explains that he was arrested on September 26, 2000 on charges related to robbery, assault and burglary. (ECF No. 1:2). The publicly available docket sheet for the criminal case shows that on October 12,

2001, Plaintiff entered guilty pleas and was convicted of the following: three counts of Robbery with Firearms – After Former Conviction of a Felony ("AFCF"), two counts of Assault & Battery with a Dangerous Weapon – AFCF, Possession of Firearm – AFCF, and Burglary – First Degree – AFCF. ODCF, CF-2000-5630, District Court of Oklahoma County. Plaintiff was sentenced to thirty years imprisonment on each count to be served concurrently. *Id.*

On November 5, 2014, Plaintiff filed an Application for Post-Conviction Relief with the Oklahoma County District Court. (ECF No. 1-2). The District Court denied the same on January 22, 2015 as procedurally barred because the issues raised therein could have been raised in a direct appeal. (ECF No. 1-4). Plaintiff appealed the denial of his post-conviction application but the Oklahoma Court of Criminal Appeals denied the same on March 9, 2015. ODCF, PC-2015-96, Oklahoma Court of Criminal Appeals. (ECF No. 1-5).

In his Complaint, Plaintiff raises issues similar to those raised in his Application for Post-Conviction Relief. He contends that the Oklahoma Department of Corrections ("DOC") has incorrectly applied Oklahoma's so-called 85% law, which requires inmates serve at least 85% of their total sentence before being considered for parole or other early release from his sentence (ECF No. 1:3-4). According to Plaintiff, although the DOC's internal system indicates the law went into effect in March 2000, it did not actually go into effect until November 1, 2000 and because Plaintiff committed the various crimes for which he is currently imprisoned in September 2000, it should not

2

apply to him. (ECF No. 1:3-4). Based on this rationale, Plaintiff argues that he has been unlawfully denied the ability to earn credits toward early release. (ECF No. 1:3-4). In this action, Plaintiff seeks the application of earned credits toward his sentence and that his sentence be re-calculated under the 1/3 law purportedly in effect at the time he committed his crimes. (ECF No. 1:6).

## II. SCREENING

The Court is required to evaluate the sufficiency of any complaint brought by a prisoner (1) with respect to prison conditions; (2) seeking redress against a governmental entity, officer, or employee; or (3) who is proceeding *in forma pauperis.* *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). Specifically, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The standard of review for such screening is the same as that applied when considering a motion to dismiss for failure to state a claim. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).

## III. DISCUSSION

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), which was also a civil rights complaint, the United States Supreme Court held:

> [W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

3

*Id.* at 500. They reasoned that "such a challenge is as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement and seeks either immediate release from that confinement or the shortening of its duration." *Id.* The Court has since reiterated its holding that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). *See also Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use § 1983 to challenge the *conditions* of his confinement, but habeas corpus is the only avenue for a challenge to the *fact or duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement." (emphasis in original)).

By way of his Complaint, Plaintiff seeks earlier release than he would obtain under his current sentences of imprisonment. Consequently, under *Preiser,* his claim must be litigated by petition for writ of habeas corpus. *Preiser*, 411 U.S. at 500. *See also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (holding that request for declaratory relief or injunction ordering an inmate's speedier release may be sought only in a habeas corpus action). More specifically, a claim regarding the execution of a sentence or computation of sentence credit should be raised in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Accordingly, Plaintiff's claims are not cognizable in this § 1983 action. Thus, it is recommended that the claims be dismissed for failure to state a claim upon which relief can be granted. Further, although this Court could liberally construe Plaintiff's action as a habeas corpus action, even if it did so, the undersigned would recommend it be dismissed on filing for failure to state a claim upon which relief can be granted.

As previously noted, Plaintiff contends that the 85% law did not go into effect until November 1, 2000. However, this is incorrect.

Okla. Stat. tit. 21, § 12.1 provides:

> A person committing a felony offense listed in Section 30 [Okla. Stat. tit. 21, § 13.1] of this act on or after March 1, 2000, and convicted of the offense shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed.

This statute was passed as written above on June 30, 1999 and went into effect the following day, July 1, 1999. At that time, Okla. Stat. tit. 21, § 13.1, which lists the offenses to which § 12.1 will apply, provided the following:

> Persons convicted of ... robbery with a dangerous weapon as defined in Section 801 of Title 21 of the Oklahoma Statutes ... first degree burglary as defined in Section 1436 of Title 21 of the Oklahoma Statutes ... shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole. Persons convicted of these offenses shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed.

Oklahoma Community Sentencing Act, 1999 Okla. Sess. Law Serv. 1st Ex. Sess. Ch. 4 (H.B. 1008). This initial version of § 13.1 was also passed on June 30, 1999 and went into effect on July 1, 1999. Thus, it was applicable to the crimes Plaintiff committed in September 2000 and for which he was ultimately convicted and sentenced.[1]

Although based on the above, the Court could convert the Complaint to a habeas petition and dismiss it accordingly, it should decline to do so because of the potential disadvantages for Plaintiff. For example, if the habeas claim were denied, a future habeas action could be dismissed as second or successive. *See* 28 U.S.C. 2244(b)(2)-(3). *See also Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (stating that in light of strict limitations on second or successive habeas claims, "a district court must follow certain procedures before re-characterizing pro se pleadings as claims under [28 U.S.C. § 2254 or 2255]"). Thus, instead of re-characterizing the action, the Court should dismiss the Complaint without prejudice to the filing of a new action.

IV. **RECOMMENDATION**

In light of the foregoing discussion, it is hereby recommended that this action be **DISMISSED WITHOUT PREJUDICE,** pursuant to 28 U.S.C. §1915. Additionally, Plaintiff has filed an Application (motion) for leave to proceed *in forma pauperis* and supporting affidavit, (ECF No. 2). The undersigned finds that the Plaintiff does not qualify for authorization to proceed without prepayment of a filing fee. Should the

---

[1] Okla. Stat. tit. 21, § 13.1 has been amended since its initial passage, including an amendment that went into effect on November 1, 2000, *see* 2000 Okla. Sess. Law Serv. Ch. 291 (H.B. 2037), the same date upon which Plaintiff contends that the statute initially became effective. However, the subsequent amendments do not effect the law's application to Plaintiff's sentence.

Court convert the Complaint to a habeas petition it is recommended the Plaintiff (Petitioner) be required to pay the full filing fee of $5.00, rather than the $350.00 filing fee required to commence this action. *See* 28 U.S.C. §1914; Local Civil Rule 3.2. Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **October 16, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on September 29, 2015.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE